AMERICAN SCHOOL FURNITURE CO. v. J. M. SAUDER CO. et al.

(Circuit Court, E. D. Pennsylvania. January 22, 1902.)

No. 24, Oct., 1900.

PATENTS—INFRINGEMENT—COMBINATION.

    A claim for a combination is not infringed by another combination in which one of the described or specified elements of the patented combination is omitted without substitution of any equivalent thereto.

On Final Hearing.

For former opinion, see 106 Fed. 731.

J. B. McPHERSON, District Judge. This case presents an unusual situation. Although it is a suit charging the infringement of a patent, the defendants admit that the patent was for a useful invention, and that it had not been anticipated. The only issue is infringement, and even upon this point the defendants have taken no testimony, relying wholly upon the alleged weakness of the complainant's case. Unusual as the facts may be, however, an examination of the evidence has satisfied me that the defendants' course was justified, and that the charge of infringement has not been made out. The patent in suit is in no sense a primary patent. It is for improvements in adjustable school desks and seats, and consists essentially in a combination of old elements, as will be seen by an examination of the sixth and seventh claims of the patent, which are the only two claims involved in this controversy:

"(6) In an adjustable desk. the combination with the legs or standards, each provided with a slot, of a rack-bar on one side of said slot, the desk proper having depending arms adapted to bear against the legs or standards, a rod connecting said arms and provided with screw-threaded ends, a hollow clamping-nut on each of said ends, a hollow shaft on the rod, and a pinion on each end of the hollow shaft and engaging the rack-bars of the slots, and adapted to bear against the legs or standards, when the clamping-nuts are tightened; all said parts substantially as and for the purposes described.

"(7) In an adjustable desk. the combination with the legs or standards, each provided with a slot, of a rack-bar on one side of said slot, the desk proper having depending arms adapted to bear against the legs or standards, a rod connecting said arms and provided with screw-threaded ends, a hollow shaft on said rod, a blind nut on one end of said rod and secured to said hollow shaft, a pinion on each end of said hollow shaft and engaging the rack-bars of the slot and adapted to bear against the legs or standards, and a hollow clamping-nut on each end of the rod and bearing against the outer faces of the depending arms; all said parts substantially as and for the purposes described."

It will be observed that the connecting rod is an essential part of this combination. Without it the desk would not be operative; for, to use the phrase of the complainant's counsel, unless there were an "interposed medium" against which the clamping-nuts could abut, the device would not work. Now, what the defendants have done is to rearrange the same elements that have been combined in the complainant's patent, so as to omit the connecting rod altogether, and to make the body of the desk proper serve as the "interposed medium" against which the clamping-nuts abut. By this simpler combination, the desk, as a whole, performs the same function as does the desk of the complainant. This, as it seems to me, is clearly permissible, and does not constitute infringement. A very recent decision of the circuit court of appeals of this circuit (Pittsburg Meter Co. v. Pittsburg Supply Co., 48 C. C. A. 580, 109 Fed. 644) relieves me of the necessity of discussing the subject further. The principle applied in that case was thus stated:

"Nothing in the law of patents is better settled than the rule that a claim for a combination is not infringed if any one of the described or specified elements is omitted, without the substitution of anything equivalent thereto."

113 F.—37

This, as I understand it, is precisely what was done in the present case. The complainant's connecting rod was omitted, and nothing has been substituted equivalent thereto, the function performed by the rod in the complainant's device being now performed by the remaining elements in the combination. A better arrangement has 'produced a less complex result, and in combination patents such a product of the inventive faculty is to be encouraged.

A decree may be entered dismissing complainant's bill, with costs.